1007-20139                                                      1206366

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **O.W. Bunker USA Inc.,**<br>                     **Plaintiff,**<br><br>**v.**<br><br>**HSL Shipping & Logistics (NA) Inc.**<br>**(f/k/a Hudson Shipping Lines Inc. and**<br>**Hudson Shipping Lines, Inc. (Liberia)),**<br>                     **Defendants** | **Civil Action No.**<br><br>**Rule 9(h) – Admiralty** |

## VERIFIED COMPLAINT

NOW COMES, plaintiff, O.W. Bunker USA Inc. ("OWB-USA") through undersigned counsel, and files this Verified Complaint against defendants, HSL Shipping & Logistics (NA) Incorporated, f/k/a Hudson Shipping Lines, Inc. ("HSL"), and Hudson Shipping Lines Inc. (Liberia) ("HSL Liberia") (collectively, "Defendants"), disponent owner of the M/V SILVER NAVIGATOR, and Garnishee, David J. Bradley, Clerk of Court for the United States District Court for the Southern District of Texas, upon information and belief, OWB-USA avers as follows:

## JURISDICTION AND VENUE

1.

This claim arises under the general maritime law of the United States, 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This claim relates to the breach of various contracts for the sale of marine fuel, which are maritime contracts.

2.

This Complaint is brought in accordance with the provisions of Rule B of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil

Procedure for attachment of property belonging to Defendants.

**THE PARTIES**

3.

O.W. Bunker USA Inc. ("OWB-USA") is a Texas corporation that was engaged in the

business of selling and supplying bunker fuel to vessels and is currently in liquidation pursuant to

a plan confirmed by the U.S. Bankruptcy Court for the District of Connecticut.[1] OWB-USA can

be contacted as follows:

> O.W. Bunker USA Inc. Liquidating Trust
> c/o Alvarez & Marsal, LLC
> Attn: Hamish Allanson
> 600 Madison Avenue, 7th Floor
> NY, NY 10022

4.

Defendant HSL Shipping & Logistics (NA) Incorporated ("HSL") was, and is, a domestic

business corporation or other business entity organized and operating under Illinois law, with a

place of business located at 1650 Lake Cook Road, Deerfield, IL 60015 and, having no office or

place of business within this judicial district. Upon information and belief, HSL Shipping &

Logistics (NA) Incorporated was formerly known as Hudson Shipping Lines, Inc. Upon

information and belief, HSL registered to do business in the state of Texas on June 1, 2016, and

---

[1] On November 13, 2014, O.W. Bunker USA Inc. and its affiliates, O.W. Bunker North America Inc. and O.W. Bunker Holding North America Inc., each submitted voluntary petitions for relief pursuant to Title 11 of Chapter 11 of the United States Code to the United States Bankruptcy Court for the District of Connecticut.  The cases are now being jointly administered for procedural purposes only under the caption *In re O.W. Bunker North America Inc.*, Case No. 14-51720 (Bankr. D. Conn.). The last four digits of O.W. Bunker USA's and its affiliates' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158), and O.W. Bunker USA Inc. (3556).

appointed a registered agent for service of process in Beaumont, Texas, which is not within this judicial district. Defendant HSL was, upon information and belief, at all times material hereto, the disponent owner of the M/V SILVER NAVIGATOR, having entered into a head charter party in the name of its alter ego, HSL Liberia.

5.

Defendant Hudson Shipping Lines Inc. (Liberia) ("HSL Liberia") was, and still is, a foreign corporation or other business entity, organized and operating under, and existing by virtue of, Liberian law, and having no office or place of business within this judicial district. Upon information and belief, HSL Liberia has no registered agent for service of process within this district. HSL Liberia was at all times material hereto the named disponent owner of the M/V SILVER NAVIGATOR, having entered into a voyage charter party in such capacity with non-party Tricon Energy, Ltd. at the direction of its alter ego, HSL. A copy of the M/V SILVER NAVIGATOR charter party is attached hereto as Exhibit "A."

6.

At all material times, the Garnishee, Clerk of Court, was and still is an arm of the judicial branch of the United States government located in Houston, Texas, and has custody and control over the $1,368,727.64 currently deposited into the registry of this Court, which is property of HSL and/or HSL Liberia.

7.

Venue is proper in this District as property owned by HSL and/or its alter ego, HSL Liberia is located within this district, which OWB-USA seeks to attach pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure.

## THE UNDERLYING DISPUTE BETWEEN THE PARTIES
## AND BREACH OF MARITIME CONTRACT

8.

OWB-USA and its affiliates commenced Chapter 11 bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Connecticut on November 13, 2014. See *In re O.W. Bunker North America Inc.*, Case No. 14-51720 (Bankr. D. Conn.).

9.

OWB-USA and its affiliates were part of a family of global marine fuel logistics companies ultimately owned by OW Bunker A/S (collectively, the "OW Bunker Companies"). The OW Bunker Companies were in the business of global marine fuel supply. OWB-USA and its affiliates conducted the North American marine fuel supply operations for the OW Bunker Companies.

10.

Throughout October of 2014, HSL placed orders to OWB-USA for the delivery of marine fuel for the following vessels: M/V ZAGORA, the M/V TORM BORNHOLM, the M/V STAR OF NIPPON, the M/V MIMOSA, the M/V LOWLANDS MAINE, the M/V KEN CAPE, and the M/V BRIDGEGATE (collectively, the "Vessels"). *See* Sales Order Confirmations issued by OWB-USA, attached hereto, *in globo*, as Exhibit "B."

11.

For each of these orders, OWB-USA issued Sales Order Confirmations which incorporated the "OW Bunker Group's Terms and Conditions of Sale(s) of Marine Bunkers" ("Terms and Conditions"). *See* Terms and Conditions, attached hereto as Exhibit "C."

12.

For each of the aforementioned orders, marine fuel was in fact delivered to the aforementioned Vessels and upon information and belief consumed by the aforementioned Vessels.

13.

For each of the aforementioned orders OWB-USA issued invoices to HSL c/o Maritime Brokers and Consultants Inc., and the vessel and its owners and charterers. *See* Invoices issued by OWB-USA, attached hereto, *in globo*, as Exhibit "D."

14.

Each of the aforementioned orders for the supply of marine fuel to HSL and the Vessels were maritime contracts.

15.

For each of the aforementioned orders and Invoices, HSL has failed to pay OWB-USA, despite amicable demand.

16.

OWB-USA filed an adversary proceeding against HSL in OWB-USA's pending bankruptcy action captioned *O.W. Bunker USA Inc. v. Hudson Shipping Lines Inc. See* Complaint for Turnover and to Recover Property of the Estate, Case No. 15-0571 (Bankr. D. Conn.) (Rec. Doc. 1), attached hereto as Exhibit "E," and First Amended Complaint for Turnover and to Recover Property of the Estate (Rec. Doc. 16), attached hereto as Exhibit "F." OWB-USA's adversary proceeding against HSL remains pending before the Bankruptcy Court for the District of Connecticut.

17.

In the alternative, under the Terms and Conditions, Exhibit "C," OWB-USA reserves its

right to pursue binding arbitration in London against defendant, HSL.

18.

At present, HSL owes $1,852,663.68 to OWB-USA for HSL's failure to pay for the marine

fuel it order and to satisfy the Invoices attached as Exhibit "D," plus all applicable fees, interest,

and costs under the Terms and Conditions attached as Exhibit "C."

19.

HSL has breached its contract to purchase the marine fuel from OWB-USA by failing to

pay the Invoices, and is liable unto OWB-USA *in personam*.

**THE PRIOR RULE B ATTACHMENT BY**
**CASTLETON COMMODITIES SHIPPING CO. PTE. LTD.**

20.

On May 25, 2016, Castleton Commodities Shipping Co. PTE. Ltd. filed a Verified

Complaint in this Court requesting the attachment of HSL's property within the U.S. Southern

District of Texas, including, but not limited to, freight payable to HSL Liberia from Tricon Energy

Ltd. for cargo carried on the M/V SILVER NAVIGATOR pursuant Rule B of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil

Procedure. *See Castleton Commodities Shipping Co. PTE Ltd v. HSL Shipping & Logistics (NA)*

*Inc.*, Case No. 4:16-cv-01472, (S.D. Tex. May 25, 2016), Rec. Doc. 1.

21.

On May 26, 2016, District Judge Lynn N. Hughes of the U.S. Southern District of Texas

entered an Order of Garnishment to Tricon Energy Ltd. ("Tricon") for up to $12,060,232.00, the

amount of Castleton's claim plus 50%. *Castleton Commodities Shipping Co. PTE Ltd.*, Case No. 4:16-cv-01472 (SDTX), Rec. Doc. 5.

22.

On July 8, 2016, Tricon, the garnishee, filed a Motion for Leave to Deposit Funds with the Court and Verified Answer to Writ of Garnishment. Tricon requested leave of the court to deposit check #6996 in the amount of $1,368,727.64 into the Registry of the Court to satisfy Tricon's obligations under the Writ of Garnishment. The $1,368,727.64 was the full amount owed by Tricon to HSL Liberia as payment for freight per the terms of the Charter Party Agreement, less commissions. *See Castleton Commodities Shipping Co. PTE Ltd.*, Case No. 4:16-cv-01472 (SDTX), Rec. Doc. 40.

23.

District Judge Hughes granted the Motion for Leave to Deposit, and the check for $1,368,727.64 was deposited into the registry of the U.S. Southern District of Texas on July 8, 2016. *Castleton Commodities Shipping Co. PTE Ltd.*, Case No. 4:16-cv-01472 (SDTX), Rec. Doc. 41.

## ALTER EGO LIABILITY

24.

Defendant HSL Liberia chartered the M/V SILVER NAVIGATOR through a non-party named Maritime Brokers and Consultants ("MBC"). MBC is, upon information and belief a wholly owned and dominated company of Defendant HSL. MBC has the same president as HSL, Avi Eilon, has the same Illinois registered agent, Benjamin Malkin, 1650 Lake Cook Road, Deerfield, IL as HSL, and has the same business address as HSL. *See* Corporation File Detail Reports for Maritime Brokers and Consultants, Inc. and HSL Shipping & Logistics (NA) Incorporated,

attached hereto, in globo, as Exhibit "G." MBC is prominently noted on HSL's website, http://hudsonshipping.com, as one of its "value chain partners." MBC's website, htpp://marbrokers.com, states that it was founded in 1977, was acquired by Seatrade Transport International in the "late 1990s," and has the same office location as HSL, which is also listed as a Seatrade company on the HSL website. *See* MBC and HSL websites homepages attached hereto, in globo, as Exhibit "H."

25.

While HSL Liberia does not appear anywhere on HSL's website, the M/V SILVER NAVIGATOR charter party states the following style for the vessel charterer: "Messrs. Hudson Shipping Lines Inc. Monrovia, Liberia Registered in Nassau, Bahamas." *See* Exhibit "A."

26.

The websites for HSL and MBC list an identical office address—1650 Lake Cook Rd., Deerfield, IL 60015. *See* Contact Pages for HSL and MBC, attached hereto, in globo, as Exhibit "I."

27.

In addition, the Illinois Secretary of State's website notes that HSL Shipping & Logistics (NA) Incorporated changed its name from Hudson Shipping Lines Inc., a virtually identical name to the charterer named in the M/V SILVER NAVIGATOR. *See* Exhibit "G."

28.

In a lawsuit captioned "Hudson Shipping Lines Inc. v. Phiniqia International Shipping Co.," HSL identified itself as "Hudson Shipping Lines Inc." although it purported to be registered to do business in Liberia. *See* Complaint, Case No. 1:08-cv-08504-DC (S.D.N.Y. Oct. 6, 2008), attached hereto as Exhibit "J."

29.

On May 12, 2016, HSL Liberia sub-chartered the M/V SILVER NAVIGATOR to Tricon Energy, Ltd. as reflected by a clean fixture recap, for a single voyage from Davant, Louisiana to Vizag India. The fixture recap refers to "Hudson Shipping Lines Inc." as the disponent owners of the vessel without any mention, or reference, to Monrovia, Liberia.  *See* Clean Fixture Recap, attached hereto as Exhibit "K."

30.

HSL Liberia agreed to the aforesaid subfixture through an individual named Justin Sieck and non-party MBC. The aforesaid clean fixture recap is signed off on by Justin Sieck whose email address in the header of the string of messages is stated as jsieck@marbrokers.com, but the signature line refers to "Justin Sieck, HSL CHICAGO and lists a phone number of +1 847-564-4660—the same phone number listed for HSL and MBC on their websites. *See* Exhibit "K."

31.

On April 12, 2016, Justin Sieck sent vessel certificates from this email address which yet again bears reference to HSL and the HSL phone number. *See* Email dated April 12, 2016, attached hereto as Exhibit "L."

32.

Justin Sieck's LinkedIn page states his current position as both a Chartering Manager for HSL **and** a Broker for MBC. *See* Justin Sieck linkedin page, attached hereto as Exhibit "M."

33.

After due diligence, Plaintiff has been unable to locate any bona fide online presence or documentation for HSL Liberia and cannot locate any connection for Justin Sieck for such an entity.

34.

On or about May 15, 2016, bunkers were supplied to the M/V SILVER NAVIGATOR via World Fuel Services at the Port of New Orleans, Louisiana. *See* Bunker Confirmation, Exhibit "N."

35.

The aforesaid bunker confirmation was made to the attention of HSL Liberia in the care of William Ross and bears further reference to "MBC OPS" which, upon information and belief, is a reference to MBC. The embedded email address for William Ross on the Bunker Confirmation states "William Ross (HSL)."

36.

As set forth in his Declaration submitted in the OWB-USA and affiliates bankruptcy proceeding pending in the U.S. Bankruptcy Court for the District of Connecticut, William Ross is the Energy Procurement Manager for HSL and has acted in this position since February 2010. Further, the declaration annexes several bunker confirmation invoices each of which is addressed in the same manner as is the Bunker Confirmation attached as Exhibit "N" with the sole exception that the word "Liberia" is added next to "HUDSON SHIPPING LINES, INC." *See* William Ross Declaration, attached hereto as Exhibit "O."

37.

Upon information and belief, HSL Liberia is merely a shell-corporation through which HSL has commenced conducting its business of chartering vessels, purchasing bunkers and shipping cargo as a means to shield it from liabilities of creditors such as Plaintiff.

38.

Upon information and belief, Defendants share, or shared, common ownership, common directors, common employees, common office space and operations.

39.

Upon information and belief, HSL Liberia has no bona fide separate, independent identity from HSL.

40.

Upon information and belief, HSL Liberia is owned, operated, dominated and controlled by HSL.

41.

Upon information and belief, Defendants are owned, operated, controlled and managed as a single economic enterprise ultimately controlled by common and overlapping shareholders, directors, officers, and/or managers.

42.

Upon information and belief, HSL Liberia acts as the contracting entity for vessel charters and bunker purchases for HSL and these companies are effectively one and the same.

43.

Based on the foregoing, as well as other activities, the Defendants conduct business as a single economic unit with no corporate distinction between or among them, rendering each liable

for the debts of the other, and all assets of each Defendant susceptible to attachment and/or restraint for the debts of HSL to Plaintiff.

44.

By virtue of the foregoing, HSL Liberia is properly considered a party to the OWB-USA-HSL sales contracts for bunker fuel as the alter ego, alias, partner and/or joint venturer, of HSL.

45.

HSL Liberia is the alter ego of HSL because the latter so dominates, controls and disregards HSL Liberia's corporate form to the extent that HSL Liberia is actually carrying on HSL's business and operations as if the same were its own, or vice versa.

46.

In the alternative, HSL and HSL Liberia are partners and/or are joint venturers.

47.

In the further alternative, Defendants are affiliated companies such that HSL Liberia is now, or will soon be, holding assets belonging to HSL, or vice versa.

48.

Upon information and belief, HSL acts as paying agent, and/or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of HSL Liberia, and/or receives payments being made to HSL Liberia.

## RULE B ATTACHMENT

49.

Upon information and belief, the $1,368,727.64, deposited into the registry of the court by Tricon on July 8, 2016, remains in the registry of this Court and is therefore located in this district and constitutes property of HSL by virtue of being the alter ego of HSL Liberia, as set forth below.

50.

Pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure, OWB-USA is entitled to attach all of HSL/HSL Liberia's property within this District, including, but not limited to, the $1,368,727.64 that is currently held in the registry of this Court to satisfy the breach of contract claims of OWB-USA.

51.

Despite diligent search, defendant cannot be located within this District and within the jurisdiction of this Court, but assets of the defendant, including but not limited to $1,368,727.64 in the registry of the court, are located within this District and within the jurisdiction of this Court. This property may be attached pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure.

52.

OWB-USA agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the attachment of defendants' property including, but not limited to, the $1,368,727.64 in the registry of the court.

**WHEREFORE**, Plaintiff, OWB-USA prays;

1. That process in due form of law and according to the rules and practices of this Court in matters of admiralty and maritime jurisdiction issue against defendants, and the Clerk of Court (as Garnishee only);

2. That if Defendant cannot be found within this District, as stated in the affidavit attached hereto, that all of its property within this District be attached as set forth in this complaint with interests and costs;

3. That this Court issue an Order directing the Clerk of Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure over all of HSL and HSL Liberia's tangible or intangible property in the district due, owing, or otherwise claimed as property of HSL or HSL Liberia, including, but not limited to, the $1,368,727.64 deposited in the registry of this Court by Tricon;

4. That this Court retain the attached property pending adjudication of OWB-USA's claims against HSL;

5. That this Court retain jurisdiction over HSL and HSL Liberia to attach its property found within the District in order to enter a judgment, upon conclusion the pending adjudication of OWB-USA's claims against HSL in the Bankruptcy Court for the District of Connecticut, in favor of OWB-USA, and against HSL in personam in the amount of OWB-USA's claim and any additional amounts owed, including, but not limited to, attorneys' fees, costs, expenses, and pre-judgment interest for OWB-USA's claims against HSL;

6. That this Court grant OWB-USA such other and further relief as may be just and proper.


Respectfully submitted,

*/s/ Aaron B. Greenbaum*
Aaron B. Greenbaum, T.A. (SDTX - Federal ID No. 2023921, LA Bar No. 31752)
Salvador J. Pusateri (SDTX – Federal ID No. 438301, TX Bar No. 24072867)

Gavin H. Guillot (SDTX – Federal ID No. 2236795,
TX Bar No. 24099123)
**PUSATERI, BARRIOS, GUILLOT &
GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pbgglaw.com
Salvador.Pusateri@pbgglaw.com
Gavin.Guillot@pbgglaw.com

**AND**

Robert E. O'Connor (NY #4899316)
**MONTGOMERY, MCCRACKEN, WALKER &
RHOADS, LLP**
437 Madison Avenue, 29th Floor
New York, NY 10022
Telephone: 212-551-7794
Facsimile: 212-599-1759
roconnor@mmwr.com
To seek admission *Pro-Hac Vice*
**ATTORNEYS FOR PLAINTIFF,
O.W. BUNKER USA INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2016, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Aaron B. Greenbaum*